UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DORSE EUGENE EVRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-40-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SERGEANT HOWARD RICE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

At times relevant to this action, Defendant Howard Rice was employed as a Sergeant with the Kentucky State Police, while Defendants Jim Mitchell and Chris Clark were employed as Troopers. Defendants Rice and Mitchell have filed a motion for judgment on the pleadings in this matter. [Record No. 5] Defendant Clark has joined in that motion. [Record No. 9] The defendants[1] argue that the Complaint should be dismissed because Plaintiff Dorse Evridge's claims are barred, in part, by the applicable statute of limitations and because they fail on the merits to the extent they are not time-barred. For the reasons discussed below, the defendants' motions will be granted.

**I.   BACKGROUND**

This case arises out of Evridge's September 1, 2009 arrest on a charge of disorderly conduct. [Record No. 1, p. 3 ¶¶ 7-14] As outlined in the Complaint, the defendants responded to "a fatal injury accident [that] occurred on the road in front of Plaintiff's property" on that date. [*Id.* ¶ 7; *see*

---

1   Although the defendants' initial motion was filed on behalf of Defendants Rice, Mitchell and the "Department of Kentucky State Police," it does not appear that the department has been named as a defendant or served herein. [*See* Record Nos. 1, 5]

*id.* ¶ 9] Trooper Mitchell accused Evridge, who was standing behind a fence on his own property, of using a cell phone to take photographs of the accident scene. [*Id.* ¶ 10; *see id.* ¶ 8] Although Evridge denied taking any pictures, Mitchell demanded that he surrender the phone. [*Id.* ¶¶ 11-12] When Evridge refused, Sergeant Rice and Trooper Clark forcibly restrained him. [*Id.* ¶ 13] Evridge was then handcuffed and placed under arrest for disorderly conduct in violation of Kentucky Revised Statutes (KRS) § 525.060. [*Id.* ¶ 14; *see* Record No. 1-3]

On January 20, 2010, the disorderly-conduct charge was dismissed. [*See* Record No. 1, p. 4 ¶ 18; Record No. 1-4.] That same day, Sergeant Rice filed a second criminal complaint against Evridge with the Henry County District Court, alleging that Evridge's conduct on the date of the accident amounted to "obstructing governmental operations" under KRS § 519.020. [Record No. 1, p. 4 ¶ 19; *see* Record No. 1-5] On October 13, 2010, that charge was also dismissed. [*Id.* ¶ 20] A calendar order entered in Henry District Court on October 13th indicates that the reason for the dismissal was "successful diversion." [Record No. 1-6]

Evridge filed this action on July 7, 2011. He asserts claims of malicious prosecution under 42 U.S.C. § 1983 and state law. [Record No. 1, pp. 4-5 ¶¶ 22-30] The defendants maintain that these claims are untimely as to the disorderly-conduct charge and fail on the merits with respect to the charge of obstructing governmental operations. The Court agrees on both points.

**II.     ANALYSIS**

Although the defendants purport to seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the proper vehicle for relief at this stage of the case is a motion to dismiss under Rule 12(b)(6). The latter "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). By contrast, Rule 12(c) provides that a motion for judgment on the pleadings

is to be filed "[a]fter the pleadings have closed." Fed. R. Civ. P. 12(c). In other words, a 12(b)(6) motion is a pre-answer motion, while a motion for judgment on the pleadings is appropriate after an answer has been filed. *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 695 (N.D. Ohio 2003) (noting that "[t]he only difference between Rule 12(c) and Rule 12(b)(6) is the timing of the motion to dismiss"). Here, the defendants have not answered Evridge's Complaint — *i.e.*, the pleadings have not closed. *See* Fed. R. Civ. P. 12(c). Accordingly, the Court will construe the present motions as motions to dismiss under Rule 12(b)(6).

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "'detailed factual allegations'" to survive a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint that merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is subject to dismissal under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

The Court's 12(b)(6) inquiry focuses primarily on the allegations contained in the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). However, "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account.'" *Id.* (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

Affidavits may be considered so long as "they add nothing new, but, in effect, reiterate the contents of the complaint itself." *Yeary v. Goodwill Indus.-Knoxville*, 107 F.3d 443, 445 (6th Cir. 1997) (internal quotation marks and alterations omitted).

### A. Statute of Limitations

Evridge's claims based on the disorderly-conduct charge are barred by the statute of limitations. It is undisputed that the applicable limitations period for both claims is one year. *See* Ky. Rev. Stat. § 413.140(1)(c) (providing that an action for malicious prosecution must be brought within one year after the cause of action accrued); *Hall v. Spencer Cnty., Ky.*, 583 F.3d 930, 933 (6th Cir. 2009) ("For claims under Section 1983, the Court applies the statute of limitations for personal-injury tort actions in the state where the cause of action originated. Under Kentucky law, personal-injury claims must be filed within one year of the tort." (citations omitted)). The parties further agree that a malicious-prosecution claim accrues when the underlying criminal proceedings are terminated in the (current) plaintiff's favor. *See McCune v. Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) ("[F]avorable termination of the prior (*i.e.*, underlying) criminal proceeding marks the point at which a section 1983 claim for malicious prosecution accrues."); *Dunn v. Felty*, 226 S.W.3d 68, 73 (Ky. 2007) (noting that a malicious-prosecution claim under Kentucky law "accrued upon a favorable termination of the criminal proceedings against" the plaintiff). Evridge acknowledges that any claim for malicious prosecution arising out of the disorderly-conduct charge therefore accrued on January 20, 2010, when that charge was dismissed. [Record No. 10, p. 2]

The Complaint in this matter was not filed until July 7, 2011 — nearly eighteen months after those claims accrued. [*See* Record No. 1.] Nevertheless, Evridge maintains that the claims are timely pursuant to the continuing-violation doctrine. [*See* Record No. 10, pp. 2-4.] That doctrine

operates to toll the statute of limitations where (1) the defendants' wrongful conduct continues after the initial violation; (2) the plaintiff's injury likewise continues to accrue; and (3) further injury could have been avoided "if the defendants had at any time ceased their wrongful conduct." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (quoting *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). "Continuing violation" means "continual unlawful acts, not continual ill effects from an original violation." *Id.* (quoting *Tolbert*, 172 F.3d at 940). Furthermore, "passive inaction does not support a continuing violation theory." *Id.*

According to Evridge, the filing and prosecution of the second charge represent a "'continuing violation' that tolled the statute of limitations for malicious prosecution based on the [d]isorderly [c]onduct case." [Record No. 10, p. 4] However, even if the second case were deemed to be a continuation of the first, the only affirmative act identified by Evridge with respect to that case is the filing of the second criminal complaint, which occurred on January 20, 2010 — the same day the first charge was dismissed. [*See id.* ("Though Plaintiff's malicious prosecution claim initially accrued on January 20, 2010, the violation continued when Defendant Sgt. Howard Rice filed another charge based on the same alleged conduct that same day."); Record No. 1, p. 4 ¶¶ 19-20 (alleging only that the second charge was filed on January 20, 2010 and dismissed on October 13, 2010).] Because Evridge does not identify any "continual unlawful acts" relating to the disorderly-conduct charge, *Eidson*, 510 F.3d at 635, the continuing-violation doctrine does not apply here. Therefore, to the extent he alleges malicious prosecution arising out of that charge, his claims are barred by the statute of limitations.

### B. Favorable Termination

Evridge's claims as to the charge of obstructing governmental operations likewise fail because that charge was not resolved in his favor. Termination of the underlying proceedings in favor of the accused is an essential element of a malicious-prosecution claim under both § 1983 and Kentucky law.[2] *Sykes*, 625 F.3d at 308-09; *Davis v. City of Winchester*, 206 S.W.3d 917, 918 (Ky. 2006). To satisfy this element, the underlying proceedings must have been "dismissed for reasons reflecting on the merits of the case." *Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 605 (Ky. Ct. App. 2006). In other words, favorable termination does not mean simply that a charge was dismissed. Rather, as the Kentucky Court of Appeals explained in *Davidson*:

> "While the fact [the plaintiff] has prevailed [in the underlying action] is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits — reflecting on neither innocence of nor responsibility for the alleged misconduct — the termination is not favorable in the sense it would support a subsequent action for malicious prosecution."

---

2      In the Sixth Circuit, a plaintiff must prove four elements to prevail on a § 1983 malicious-prosecution claim based on an alleged violation of the Fourth Amendment: first, "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; second, "that there was a lack of probable cause for the criminal prosecution"; third, "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty . . . apart from the initial seizure"; and fourth, that "the criminal proceeding [was] resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (internal quotation marks and alterations omitted). Under Kentucky law, malicious prosecution has six elements:

   1. the institution or continuation of original judicial proceedings . . . ,
   2. by, or at the instance, of the original plaintiff/complainant,
   3. the termination of such proceedings in the original defendant's favor,
   4. malice in the institution of such proceeding,
   5. want or lack of probable cause for the proceeding, and
   6. the suffering of damage as a result of the proceeding.

*Farmers Deposit Bank v. Ripato*, 760 S.W.2d 396, 399 (Ky. 1988) (citing *Raine v. Drasin*, 621 S.W.2d 895 (Ky. 1981)).

*Id.* (emphasis removed) (quoting *Alcorn v. Gordon*, 762 S.W.2d 809, 812 (Ky. Ct. App. 1988)); *see also Gordon v. Jones*, No. 3:08CV-P460-S, 2011 U.S. Dist. LEXIS 23320, at *25 (W.D. Ky. Mar. 8, 2011) (applying same standard to § 1983 malicious-prosecution claim).

The defendants maintain that Evridge's claims do not meet the favorable-termination requirement because the second charge "was dismissed upon Evridge's successful completion of diversion." [Record No. 5, p. 4] They point out that in *Davidson*, the Kentucky Court of Appeals "noted — consistent with the Restatement (Second) of Torts, [s]ection 660(a) — [that] an agreement or compromise leading to the dismissal of [a] criminal prosecution will not support a claim for malicious prosecution." [*Id.*, p. 3 (citing 202 S.W.3d at 606)] In addition, the defendants cite precedent from this Court indicating that the favorable-termination requirement is not met where charges were dismissed as a result of the defendant's participation in pretrial diversion. [*See id.*, p. 4 (citing *Cissell v. Hanover Ins. Co.*, 647 F. Supp. 757 (E.D. Ky. 1986)).]

Evridge, for his part, insists that he "did not agree to or participate in diversion." [Record No. 10, p. 6] In support of this argument, he has attached several exhibits to his response, including video recordings of two hearings before the state district court and an affidavit from the attorney who represented him in those proceedings. [*See id.*; Record Nos. 10-2, 10-5] The attorney, James A. Metry, states in his affidavit that Evridge "did not participate in a pre-trial diversion program," nor did he "enter an *Alford* plea or plea of guilty" or "execute a waiver of his right to a speedy trial" — both of which are prerequisites for a court-supervised diversion program. [Record No. 10-2, p. 2; *see* Record No. 10-3 (setting out requirements of diversion program under KRS § 533.250 and state local rules)] The defendants counter with an affidavit by Henry County Attorney Virginia Harrod, who states that although Evridge did not complete a formal diversion program, the dismissal

of the obstructing-governmental-operations charge "was based upon an agreed compromise between the Commonwealth and Mr. Evridge." [Record No. 12-1, p. 2]

Because these affidavits do more than simply verify the complaint, *see Yeary*, 107 F.3d at 445, the Court may not properly consider them without converting the defendants' 12(b)(6) motions to motions for summary judgment. Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). However, for reasons that follow, the affidavits are unnecessary for resolution of the present motions. Therefore, the Court will proceed with its analysis under Rule 12(b)(6), without considering the affidavits.

The Court looks first to the Complaint, each count of which alleges simply that the "proceedings were terminated in the Plaintiff's favor." [Record No. 1, p. 5 ¶¶ 24, 29] The only factual allegation to support this assertion is that the second charge against Evridge was "without probable cause and was dismissed accordingly." [*Id.*, p. 4 ¶ 20] Yet Evridge offers no basis for his allegation that the charge was dismissed for want of probable cause or that the defendants lacked probable cause to charge him with obstructing governmental operations.[3] He refers to the October 13 calendar order [*see id.*]; however, that order does not mention a lack of probable cause. [*See* Record No. 1-6]

---

3   By contrast, Evridge alleged that there was no probable cause for the disorderly-conduct charge because the conduct at issue did not occur "in a public place," as required by statute. [Record No. 1, p. 3 ¶ 16 (quoting KRS § 525.060); *see id.*, p. 4 ¶ 17] Of course, the absence of probable cause is a separate element of the malicious-prosecution claims. *See Sykes*, 625 F.3d at 308-09; *Farmers Deposit Bank*, 760 S.W.2d at 399. Although the defendants have only challenged the sufficiency of the Complaint as to the favorable-termination element, the Court notes that Evridge's claims are equally deficient on the probable-cause element.

Indeed, nothing in the state-court record suggests that the charge "was dismissed for reasons reflecting on the merits of the case." *Davidson*, 202 S.W.3d at 605. To the contrary, both the order of dismissal and the video of the October 13 hearing reflect that the county attorney moved to dismiss the charge based on "successful diversion." [Record Nos. 1-6, 10-5] Ms. Harrod stated at the hearing that she was "happy to tell the court we've had a successful diversion. Move to dismiss." [Record No. 10-5 at 9:38:56] Evridge's counsel did not object to that characterization of the dismissal, nor did he express concern when the state-court judge repeated, "All right, we'll dismiss as a successful — thank you." [*Id.* at 9:39:02] In short, the termination of the second charge against Evridge does not reflect his innocence of obstructing governmental operations.[4] *Cf. Davidson*, 202 S.W.3d at 605. As a result, he cannot prevail on a malicious-prosecution claim as to that charge. *See id.*

### III. CONCLUSION

Evridge's Complaint fails to state a claim upon which relief can be granted. His claims of malicious prosecution arising out of the disorderly-conduct charge are barred by the statute of limitations. With respect to the charge of obstructing governmental operations, Evridge failed to adequately plead at least one essential element of each of his causes of action. Accordingly, it is hereby

**ORDERED** as follows:

---

4     For this reason, Metry's affidavit, even if the Court were to consider it, would not save Evridge's claims: the affidavit states that Evridge did not complete certain prerequisites for participation in a formal diversion program and that he "did not participate in a pre-trial diversion program," but it does not indicate that the case was terminated in Evridge's favor. [Record No. 10-2, p. 2]

1. The motions for judgment on the pleadings by Defendants Rice, Mitchell and Clark [Record Nos. 5, 9], construed as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), are **GRANTED**.

2. This action is **DISMISSED**, with prejudice, and stricken from the Court's docket.

This 2nd day of December, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge